**HONE LAW**
Jennifer W. Arledge, NV Bar No. 8729
jarledge@hone.law
Kelly B. Stout, NV Bar No. 12105
kstout@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax     702-608-7814

Nitoj P. Singh, CA Bar No. 265005*
nsingh@dhillonlaw.com
Anthony J. Fusaro, Jr., CA Bar No. 345017*
afusaro@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Phone  415-433-1700
Fax     415-520-6593
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*
*NATIONAL SPECIALTY PHARMACY LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL SPECIALTY PHARMACY LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>MAYBELLINE SANA, an individual; RAYNE BRIDGES, an individual; and DOES 1 to 49, inclusive,<br><br>                    Defendants. | Case No. 2:25-cv-00295-CDS-MDC<br><br>**PLAINTIFF NATIONAL SPECIALTY PHARMACY LLC'S MOTION TO DISMISS DEFENDANT BRIDGES'S COUNTERCLAIM** |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), Plaintiff National Specialty Pharmacy LLC ("NSP"), by and through its undersigned counsel, hereby moves this Court to dismiss Defendant Rayne Bridges's ("Bridges" or "Defendant") Counterclaim for failure to state a claim. This motion is based on the record here, the following memorandum of points and authorities, the pleadings, and papers on file, and any oral argument allowed by the Court.

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

To withstand a motion to dismiss, a pleading must allege specific facts establishing that a claim is plausible on its face. Courts consistently reject conclusory assertions and mere recitations of a claim's elements as insufficient to meet this standard. Here, Defendant/Counterclaimant Rayne Bridges asserts three claims for relief, but each suffers from the same fundamental flaw: she simply declares that the elements are met without alleging facts to support them. As explained below, this Court should dismiss Bridges's counterclaims because she fails to allege specific facts that raise plausible claims for relief.

## II. STATEMENT OF RELEVANT FACTS

For context, Bridges's counterclaims are reproduced in full below:

### COUNTERCLAIM

Defendant Bridges asserts the following counterclaims against Plaintiff NSP:

### COUNT I: RETALIATION (Under Nevada State Law)

1. Defendant was terminated and subjected to adverse actions in retaliation for raising concerns about NSP's unlawful practices.

2. NSP's conduct violates Nevada's anti-retaliation laws protecting employees who object to illegal workplace practices.

3. As a result, Bridges suffered damages, including lost wages, reputational harm, and emotional distress.

### COUNT II: DEFAMATION (Per Se and Per Quod)

4. Plaintiff made false and defamatory statements about Bridges, including allegations of fraud and misconduct, which were published to third parties.

5. These statements were made with malice and caused harm to Bridges' reputation.

6. The defamatory statements have prevented Bridges from obtaining employment opportunities and have caused emotional and financial distress.

/ / /

/ / /



**COUNT III: DISCRIMINATION BASED ON MENTAL HEALTH**

**(Under the Americans with Disabilities Act (ADA) and Nevada Law)**

7. Bridges was subjected to unlawful discrimination based on her mental health status.

8. Plaintiff failed to provide reasonable accommodations and instead took adverse employment actions against Bridges.

9. NSP's actions violate the ADA and Nevada state laws prohibiting discrimination against employees with mental health conditions.

10. Bridges has suffered economic and non-economic damages, including emotional distress and reputational harm.

[ECF No. 10 at 3-4 (Bridges's Motion to Dismiss and Counterclaims).] Bridges alleges no other facts in support of her claims.

### III. LEGAL STANDARD

Under Rule 12(b)(6), "[d]ismissal is appropriate . . . where a pleader fails to state a claim upon which relief can be granted." *Anderson v. Albertson's LLC*, 679 F.Supp.3d 1049, 1052 (D. Nev. 2023) (*citing* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also*, *e.g.*, *Flynn v. Love*, 653 F.Supp.3d 823, 827, fn. 4 (D. Nev. 2023) (stating that a party may file a Rule 12(b)(6) motion to respond to any affirmative claims, including counterclaims). To meet this standard, a pleading "must contain sufficient factual matter, accepted as true," to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

A pleading fails to meet this plausibility standard—and is therefore subject to dismissal—when its allegations amount to mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement."

/ / /



*Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

IV.  **LEGAL ARGUMENT**

   **A. This Court should dismiss Bridges's retaliation claim because her conclusory allegations fail to establish that NSP engaged in unlawful practices, that she engaged in protected activity, or that she suffered an adverse employment action as a result.**

Under Nevada law, an employer may not retaliate against an employee for opposing an unlawful employment practice. NRS 613.340(1). To state a claim for retaliation, an employee must establish that:

   1. She engaged in protected activity (e.g., opposing an unlawful employment practice);

   2. She suffered an adverse employment action; and

   3. A causal link between the employee's protected activity and the adverse employment action.

*See Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007) (stating the elements for a retaliation claim under Title VII (42 U.S.C.A. § 2000e-3)); *see also Colvin v. M.J. Dean Constr., Inc.*, No. 220CV01765APGEJY, 2022 WL 2110769, at *3, fn. 3 (D. Nev. June 10, 2022) (explaining that because NRS 613.340 is "almost identical to" Title VII's retaliation statute, courts and parties typically analyze the claims together) (collecting cases); *Pope v. Motel 6*, 114 P.3d 277, 281 (Nev. 2005) (observing the parallels between Title VII and Nevada's anti-discrimination laws, and applying federal case law in interpreting NRS 613.340).

Further, NRS 613.420 requires an employee alleging retaliation "to exhaust her administrative remedies by filing a complaint with NERC ["Nevada Equal Rights Commission"] before filing a district court action." *See Pope*, 114 P.4d at 280; NRS 613.420 (stating that the requirement to exhaust administrative remedies applies to any "unfair employment practice within the scope of NRS 613.310 to 613.4383, inclusive").

Here, Bridges's retaliation claim fails because her "formulaic recitation of the elements" is plainly insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. First, Bridges alleges that she suffered an adverse employment action when NSP terminated her, [ECF

4

No. 10 at 3]; however, her contention that she was terminated conflicts with NSP's allegation that Bridges voluntarily resigned on June 28, 2023, with an effective date of July 14, 2023. [ECF No. 1 ¶ 64.] Still, Bridges neither disputes NSP's claim that she resigned nor provides any factual detail regarding her alleged termination, such as the date she was terminated, NSP's stated reasons for doing so, or how the termination was causally connected to protected activity. As a result, Bridges's claim that she was terminated for engaging in protected activity amounts to a "naked assertion[] devoid of further factual enhancement." *See Iqbal*, 556 U.S. at 678. She thus fails to adequately allege an adverse employment action. *See* NRS 613.340(1); *Poland*, 494 F.3d at 1180.

Even more damaging to Bridges's retaliation claim, however, is her failure to allege any details whatsoever regarding the "unlawful practices" she supposedly reported. Consequently, it is impossible for NSP or this Court to discern what practices are at issue and whether they are unlawful under Nevada law. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (citing *Twombly*, 550 U.S. at 556).

Given that Bridges does not plausibly allege that she suffered an adverse employment action, or that she engaged in protected activity by reporting unlawful conduct, it follows that she has failed to allege a causal connection between the two elements. *See Poland*, 494 F.3d at 1180. Lastly, Bridges provides no indication that she exhausted her administrative remedies before bringing her retaliation claim. NRS 613.420; *see Pope*, 114 P.4d at 280.

Accordingly, this Court should dismiss Bridges's retaliation claim because her vague, conclusory allegations fail to establish that NSP engaged in unlawful conduct, that she engaged in protected activity, or that she experienced an adverse employment action as a result.

**B. This Court should dismiss Bridges's defamation claim because she fails to allege that NSP published a defamatory statement regarding her, acted with malice or negligence in doing so, or that she suffered damages as a result.**

To state a claim for defamation, a plaintiff must demonstrate:

1. a false and defamatory statement by defendant concerning the plaintiff;



      2.   an unprivileged publication to a third person;

      3.   fault, amounting to at least negligence; and

      4.   actual or presumed damages.

*Moreira-Brown v. Las Vegas Rev. J., Inc.*, 648 F.Supp.3d 1278, 1289 (D. Nev. 2023), *aff'd*, No. 23-15143, 2024 WL 1596456 (9th Cir. Apr. 12, 2024) (*quoting Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993). When alleging that defamatory statements were published with actual malice, the plaintiff must prove that, at the time the statements were made, the defendant either knew they were false or acted with "a reckless disregard for [their] truth." *Posadas v. City of Reno*, 851 P.2d 438, 443 (Nev. 1993).

      Here, as with her retaliation claim, Bridges fails to allege the specific facts necessary to state a prima facie defamation claim. Her pleading fails to identify NSP's allegedly defamatory statements or even their subject matter, indicate whether the statements constitute libel or slander, or explain how NSP published them to third parties. *See Moreira-Brown*, 648 F. Supp. 3d at 1289; (ECF No. 10 at 4). Further, although she asserts that NSP made these unspecified statements "with malice," she cannot plausibly allege NSP's knowledge or reckless disregard of the statements' falsity without first identifying the statements themselves—which she has not done. (*Id.*); *see also Posadas*, 851 P.2d at 443. Similarly, Bridges provides no factual basis to show how NSP's alleged defamation caused her any damages.

      Accordingly, this Court should dismiss Bridges's defamation claim because she fails to identify a defamatory statement by NSP, allege that NSP published such a statement, demonstrate that NSP acted with actual malice or negligence in doing so, or establish any resulting damages.

**C.  This Court should dismiss Bridges's claim for discrimination based on mental health because her allegations do not show that she suffered from a disability protected under the ADA, required reasonable accommodations that NSP refused to provide, or suffered an adverse employment action due to her disability.**

      When assessing claims alleging discrimination based on a person's disability, Nevada courts look to federal interpretations of the Americans with Disabilities Act ("ADA") for guidance. *See Littlefield v. Nevada, ex. rel. Dep't of Pub. Safety*, 195 F. Supp. 3d 1147, 1152 (D.

6

Nev. 2016) ("Nevada courts apply the ADA approach to [] state law claims") (*citing Pope*, 114 P.3d at 280); 42 U.S.C.A. §§ 1201 *et seq.*; NRS 613.330. To state a prima facie case for disability discrimination under the ADA, a plaintiff must show that:

    1. she is disabled within the meaning of the ADA;

    2. she is a qualified individual able to perform the essential functions of the job with reasonable accommodation;

    3. she suffered an adverse employment action because of her disability.

*Littlefield*, 195 F.Supp.3d at 1152.

With respect to an individual, the ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102(1). To be considered a "qualified individual" under the ADA, a plaintiff must show that "with or without reasonable accommodation, [she] can perform the essential functions of the employment position that [she] holds or desires." 42 U.S.C.A. § 12111(8).

Once an employee establishes that she is a qualified individual suffering from a disability protected under the ADA, she must provide her employer with "adequate notice" of the reasonable accommodations she requires. *See Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (*citing* 42 U.S.C.A. § 12112(b)(5)(A)). If those accommodations "would not place an undue hardship on the operation of the employer's business," then the employer's failure to provide them is considered an act of discrimination. *See id.*

As with Bridges's other counterclaims, her claim for discrimination based on mental health fails because she simply recites the elements she must establish, substituting the parties' names in place of generic placeholders, without providing any specific facts that support those elements. [*See* ECF No. 10 at 4.] Her vague assertion that she was discriminated against based on her "mental health status" does not support a plausible conclusion that she suffers from a disability within the meaning of the ADA. *See* 42 U.S.C.A. § 12102(1); *Littlefield*, 195 F.Supp.3d at 1152. Moreover, whether she is a qualified individual is impossible to discern, as she fails to explain how her "mental health status" constituted an impairment or substantially



limited her major life activities. *See* 42 U.S.C.A. § 12111(8); *Littlefield*, 195 F.Supp.3d at 1152. Lastly, she does not allege that she provided NSP with adequate notice of her disability or the reasonable accommodations she required. *See Snapp*, 889 F.3d at 1095 (*citing* 42 U.S.C.A. § 12112(b)(5)(A)). Even if Bridges's conclusory allegations are accepted as true, because NSP was unaware of her alleged mental health status, it had no obligation to provide reasonable accommodations and could not have violated the ADA. *See id*.

      Accordingly, this Court should dismiss Bridges's claim for discrimination based on mental health because her allegations fail to show that she qualifies as a disabled individual under the ADA, that she informed NSP of any need for reasonable accommodations, or that NSP took adverse employment actions against her because of her alleged disability. Her conclusory assertions, devoid of supporting details, do not establish a plausible claim for relief under the ADA or Nevada's analogous statutes.

## V.    CONCLUSION

      For the foregoing reasons, NSP respectfully requests that this Court grant its motion and dismiss Bridges's counterclaims for retaliation, defamation, and mental health discrimination in their entirety.

      Dated this 24th day of March 2025.

                                          Hone Law

                                          */s/ Jennifer W. Arledge*
Jennifer W. Arledge, NV Bar No. 8729
jarledge@hone.law
Kelly B. Stout, NV Bar No. 12105
kstout@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074

Nitoj P. Singh, CA Bar No. 265005*
nsingh@dhillonlaw.com
Anthony J. Fusaro, Jr., CA Bar No. 345017*
afusaro@dhillonlaw.com
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
*Admitted pro hac vice

*Attorneys for Plaintiff*
*National Specialty Pharmacy LLC*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Hone Law and that on Monday, March 24, 2025, I caused a true and correct copy of the foregoing PLAINTIFF NATIONAL SPECIALTY PHARMACY LLC'S MOTION TO DISMISS DEFENDANT BRIDGES'S COUNTERCLAIM to be served on the following individuals in the manner designated:

| | |
|---|---|
| Rayne Bridges<br>bridgesrayne@gmail.com<br>7340 Jelson Falls Street<br>Las Vegas, NV 89131<br><br>*Pro Se* | Method of Service:<br>☐ U.S. Mail, first class postage pre-paid<br>☐ E- Mail:<br>    (by consent under Rule 5(b)(2)(E))<br>☒ The Court's electronic filing system<br>☐ Other: |
| Maybelline Sana<br>maybsana@gmail.com<br>5345 Tartan Hill Avenue<br>Las Vegas, NV 89141<br><br>*Pro Se* | Method of Service:<br>☐ U.S. Mail, first class postage pre-paid<br>☐ E- Mail:<br>    (by consent under Rule 5(b)(2)(E))<br>☒ The Court's electronic filing system<br>☐ Other |

_____
Karen M. Morrow, an employee of HONE LAW

