**HONE LAW**
Jennifer W. Arledge, NV Bar No. 8729
jarledge@hone.law
Kelly B. Stout, NV Bar No. 12105
kstout@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax      702-608-7814

Nitoj P. Singh, CA Bar No. 265005*
nsingh@dhillonlaw.com
Anthony J. Fusaro, Jr., CA Bar No. 345017*
afusaro@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Phone  415-433-1700
Fax      415-520-6593
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*
NATIONAL SPECIALTY PHARMACY LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL SPECIALTY PHARMACY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MAYBELLINE SANA, an individual; RAYNE BRIDGES, an individual; and DOES 1 to 49, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00295-CDS-MDC<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED BY PLAINTIFF NATIONAL SPECIALTY PHARMACY LLC AND DEFENDANT MAYBELLINE SANA** |

**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**

In accordance with Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule 26-1, Plaintiff National Specialty Pharmacy LLC ("NSP"), by and through its respective counsel, and Defendant Maybelline Sana ("Sana," together with Defendant Rayne Bridges, "Defendants")

1

(collectively, the "Parties"), submit their Stipulated Discovery Plan and Proposed Scheduling Order. Defendant Bridges objects to this Stipulated Discovery Plan and Scheduling Order in full.

### First Appearance

1. Plaintiff: February 13, 2025.

Plaintiff filed its Complaint on February 13, 2025. [ECF No. 1.]

2. Defendant Bridges: March 5, 2025.

Defendant Bridges first appeared on March 5, 2025 with the filing of her Motion to Dismiss and Counterclaims. [ECF No. 13.]

3. Defendant Sana: March 21, 2025.

Defendant Sana first appeared on March 21, 2025 with the filing of her Motion to Dismiss. [ECF No. 20.]

### FRCP 26(f) Conference: April 15, 2025

On April 15, 2025 the counsel for the Parties met telephonically at 4:00 p.m. Nitoj P. Singh, of the Dhillon Law Group Inc., and Jennifer Arledge, of Hone Law, appeared on behalf of Plaintiff, Defendant Bridges and Defendant Sana both appeared representing themselves.

### Initial Disclosures: April 29, 2025

Pursuant to FRCP 26(f)(3)(A), NSP and Sana agree that no change shall be made to the timing, form, or requirements for disclosures under Rule 26(a).

NSP and Sana agree that initial disclosures shall be provided on or before April 29, 2025 which is 14 days after the Parties' FRCP 26(f) conference.

### Subjects on Which Discovery May Be Needed

NSP and Sana agree that discovery shall be limited to non-privileged matters directly relevant to the claims and defenses raised in the pleadings, and proportional to the needs of the case under FRCP 26(b)(1).

### Discovery Dates

**1. Discovery Cut-Off Date : September 1, 2025**

Pursuant to LR 26-1(e)(1), NSP and Sana propose that discovery close on September 1, 2025, which is 180 days after Defendant Bridges first appeared.

    **2.**    **Last Day to Amend Pleadings/Add Parties : June 3, 2025**

Pursuant to LR 26-2(b)(2), NSP and Sana agree that the deadline for filing motions to amend the pleadings or to add parties is July 3, 2025, which is 90 days before the close of discovery.

    **3.**    **Expert Disclosures : July 3, 2025**

        **a.**  **Initial Expert Disclosures: July 3, 2025**

Pursuant to LR 26-1(b)(3), NSP and Sana agree that the last day to serve initial expert disclosures shall be July 3, 3025, which is 60 days prior to the close of discovery.

        **b.**  **Rebuttal Expert Disclosures: August 3, 2025**

Pursuant to LR 26-1(b)(3), NSP and Sana agree that the last day to serve initial expert disclosures shall be August 3, 2025, which is 30 days prior to the close of discovery.

    **4.**    **Dispositive Motions: October 1, 2025**

Pursuant to FRCP 56(b) and LR 26-1(b)(4), NSP and Sana agree that the last day to file dispositive motions shall be October 1, 2025, which is 30 days after the close of discovery.

    **5.**    **Pretrial Order : October 31, 2025**

Pursuant to LR 26-1(b)(5) and (6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order, which shall be filed on the later of (1) October 31, 2025, which is 30 days after the dispositive-motion deadline; or (2) 30 days after a decision on any dispositive motions, unless otherwise ordered by the court.

<strong>Alternative Dispute Resolution</strong>

Pursuant to LR 26-1(b)(7), NSP and Sana certify that they discussed the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation during their FRCP 26(f) conference.  While NSP and Sana do not believe that engaging in any ADR process would be fruitful at the current time, they remain open to possibility of pursuing such options in the future.

<strong>Alternative Forms of Case Disposition</strong>

Pursuant to LR 26-1(b)(8), NSP and Sana certify that they have each considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the




Short Trial Program (General Order 2013-01), but do not wish to pursue such options at this time.

### Electronic Evidence

**1.   Disclosure and Preservation**

NSP and Sana agree that all discoverable documents will be produced either in the document's native format or in Portable Document Format ("PDF") with optical text recognition (electronically searchable text), in the disclosing party's discretion. NSP and Sana further agree that the "parent-child relationships" between documents will be preserved when documents are produced (e.g., e-mails and their attachments will be produced together with consecutive bates numbers).

While NSP and Sana agree at this time that it is not necessary to produce the metadata for electronic documents, NSP and Sana agree to preserve the metadata, to the extent it exists, and reserve their respective rights to request such information should any Party deem it necessary. This agreement only determines the format in which the Parties produce documents; it does not affect any other right of any Party.

**2.   Jury Deliberations**

Pursuant to LR 26-1(b)(9), NSP and Sana certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The Parties did not enter into any stipulations on the issue because the Parties do not yet know whether they will choose to provide the jurors with electronic copies of evidence for the purposes of jury deliberations.

**3.   Assertion of Privilege or Work Product Protection After Production**

If, during the course of this litigation, any party discovers that it has received potentially privileged documents or information belonging to another party to this action, the receiving party must notify the party holding the privilege immediately in writing, upon discovering that it has received the potentially privileged information or documents to determine if the disclosure and/or production of privileged information was inadvertent. If the disclosure and/or production of privileged information was inadvertent, the party holding the privilege must notify all other

parties to the litigation of the specific documents and/or information for which such party is claiming and maintaining the privilege.  Such documents and/or information must be identified by Bates number and/or page and line numbers, where applicable.

Upon notification of the specific documents and information which were inadvertently produced and/or disclosed, and after meeting and conferring on the notice, the receiving party must return or destroy any paper copies of the privileged documents and/or delete any native files, TIFF images, and/or other electronically stored copies of the privileged documents.  The party holding the privilege must then provide the receiving party with properly redacted replacement copies of the destroyed and/or deleted documents.

Similarly, if, during the course of this litigation, a party discovers that it inadvertently produced privileged documents or information to another party to this action, the producing party must notify all other parties of this inadvertent production promptly upon discovery of the inadvertent production and/or disclosure.  Such documents and/or information must be identified by Bates number and/or page and line numbers, where applicable.  Upon notification of the specific documents and information that were inadvertently produced and/or disclosed, the receiving party must immediately return such inadvertently produced item or items of information and all copies thereof and/or otherwise delete any native files, TIFF images, and/or other electronically stored copies of the privileged documents.  The party holding the privilege must then provide the receiving party with properly redacted replacement copies of the destroyed and/or deleted documents.

No use shall be made of any such inadvertently produced documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.  However, this provision does not preclude any party to the litigation from seeking redress with the court regarding a document or information which the seeking party believes is not privileged and should be appropriately disclosed.

**Changes to Discovery Limits**

NSP and Sana agree to limit each party to 25 interrogatories, 25 requests for production, 25 requests for admission, and two depositions. Any party may seek leave of the Court for

additional discovery upon a showing of need.

NSP and Sana agree to provide at least 5 business days' written notice before serving any subpoena on a third party, allowing time for any objections or court intervention if needed.

### Additional Orders

NSP and Sana anticipate filing a Stipulated Confidentiality Agreement and Proposed Protective order under FRCP 26(c), and agree that no personal or commercially sensitive documents will be produced prior to the entry of the Stipulated Confidentiality Agreement. The Parties do not anticipate a need for the Court to issue any other order under FRPC 26(c) or 16(b) and (c).

HONE LAW
/s/*Nitoj P. Singh*
_____
Jennifer W. Arledge, NV Bar No. 8729
jarledge@hone.law
Kelly B. Stout, NV Bar No. 12105
kstout@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax     702-608-7814

Nitoj P. Singh, CA Bar No. 265005*
nsingh@dhillonlaw.com
Anthony J. Fusaro, Jr., CA Bar No. 345017*
afusaro@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*
*National Specialty Pharmacy, LLC*

_____
Maybelline Sana
maybsana@gmail.com
5345 Tartan Hill Ave.
Las Vegas, NV 89141

*Defendant, Pro Se*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: 4-21-12

6

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Dhillon Law Group Inc., and that on Thursday, April 17, 2025, I caused a true and correct copy of the foregoing STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED BY PLAINTIFF NATIONAL SPECIALTY PHARMACY LLC AND DEFENDANT MAYBELLINE SANA to be served on the following individuals in the manner designated:

| | |
|---|---|
| Rayne Bridges<br>bridgesrayne@gmail.com<br>7340 Jelson Falls Street<br>Las Vegas, NV 89131<br><br>*Pro Se* | Method of Service:<br>☐ U.S. Mail, first class postage pre-paid<br>☐ E- Mail:<br>   (by consent under Rule 5(b)(2)(E))<br>☒ The Court's electronic filing system<br>☐ Other: |
| Maybelline Sana<br>5345 Tartan Hill Ave.<br>Las Vegas, NV 89141 | Method of Service:<br>☐ U.S. Mail, first class postage pre-paid<br>☐ E- Mail:<br>   (by consent under Rule 5(b)(2)(E))<br>☒ The Court's electronic filing system<br>☐ Other |

*/s/ Travis Yokoyama*
Travis Yokoyama an employee of
Dhillon Law Group Inc.

