UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CASE NO. 2:25-cv-00295-CDS-MDC

NATIONAL SPECIALTY PHARMACY LLC,

Plaintiff,

v.

MAYBELLINE SANA, an individual

RAYNE BRIDGES, an individual, and

DOES 1 to 49, inclusive,

Defendants.

---

**DEFENDANT MAYBELLINE SANA'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT (DRAFTED USING AI TOOLS)**

**I.     INTRODUCTION**

Plaintiff's Opposition (ECF No. 28) fails to cure the legal deficiencies in its Complaint. Despite lengthy allegations, Plaintiff does not and cannot demonstrate standing under the Defend Trade Secrets Act ("DTSA"), fails to identify any protectable trade secret with the required specificity, and cannot show misappropriation or an enforceable breach of contract. The Opposition ignores key public records confirming Plaintiff's regulatory ineligibility, financial closure, and lack of any present commercial activity.

1

Plaintiff also incorrectly asserts that Defendant's inclusion of exhibits in Document 20 converts the Motion to Dismiss into one under Rule 56. However, the motion was explicitly filed under Rule 12(b)(1), Rule 12(b)(6), and, in the alternative, Rule 56, and the exhibits are public, judicially noticeable, or incorporated by reference. Plaintiff received ample notice and failed to raise a timely or valid procedural objection.

Accordingly, the Court should grant the Motion to Dismiss or, in the alternative, grant summary judgment in Defendant's favor.

## II. PLAINTIFF LACKS STANDING UNDER THE DTSA

Plaintiff cannot meet the DTSA's threshold requirement of standing. Only an "owner of a trade secret" engaged in commerce and facing actual or imminent harm may bring a claim under 18 U.S.C. § 1836(b)(1). See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Friends of the Earth v. Laidlaw, 528 U.S. 167, 180–81 (2000).

Here, Plaintiff National Specialty Pharmacy ("NSP") is no longer licensed to operate. Its Nevada pharmacy license (PH03193) is officially marked "Closed" by the Nevada State Board of Pharmacy. A federal provider search conducted on April 22, 2025, via the U.S. Department of Labor's OWCP portal likewise returned "No Records Found" for NSP in Nevada. By contrast, that same public database lists over 1,000 active medical and pharmacy providers of various types across Nevada, underscoring that Plaintiff—once a licensed pharmacy—is no longer enrolled or recognized in the federal provider system. See Exhibits D and F.

Although Plaintiff vaguely suggests it may resume operations, it took no action to preserve its regulatory standing. NSP ceased operations in or around Fall 2023, failed to maintain its state license, and allowed its federal provider status to lapse. These omissions indicate not a

2

temporary pause, but a voluntary withdrawal from the pharmaceutical marketplace—undermining any assertion of ongoing commercial activity or imminent use of trade secrets.

This regulatory inaction defeats standing under the DTSA, which requires a present commercial interest and a risk of imminent harm.

## III.   PLAINTIFF'S OPERATIONAL CLOSURE RESULTED FROM FEDERAL REGULATORY DISQUALIFICATION

Following the U.S. Department of Labor's transition to myMatrixx as its designated pharmacy benefit manager, Plaintiff experienced a substantial decline in net profits. This change significantly disrupted its ability to bill and receive reimbursement for federal claims, which had previously constituted a critical revenue stream.

Additionally, Defendant includes Exhibit E to show that Plaintiff's closure resulted from external regulatory changes. Following the U.S. Department of Labor's transition to myMatrixx as its designated pharmacy benefit manager, Plaintiff no longer had access to a key reimbursement channel. This supports the conclusion that Plaintiff's financial instability and closure were caused by federal policy shifts—not by any act or omission of Defendant.

## IV.   PLAINTIFF FAILS TO IDENTIFY A LEGALLY PROTECTABLE TRADE SECRET

Plaintiff fails to define any trade secret with the specificity required under federal law. The Complaint and supporting declaration (ECF No. 28-1) reference vague concepts such as "Databases," "CRM systems," and "marketing platforms," but fail to explain what specific, non-public information within those systems is protectable. See InteliClear, LLC v. ETC Global Holdings, Inc., 978 F.3d 653, 658 (9th Cir. 2020).

Without an identifiable secret, there can be no misappropriation claim under the DTSA or Nevada Uniform Trade Secrets Act.

## V.   PLAINTIFF'S ALLEGATIONS ABOUT INTERNAL EMAILS FAIL TO ESTABLISH MISAPPROPRIATION OR BREACH

Plaintiff alleges that Defendant sent multiple emails to Sameer Padhye.[1] At the time of the alleged communications, Mr. Padhye held an executive leadership role at NSP. Plaintiff does not identify what specific content in these emails constitutes a trade secret, nor does it allege that any such information was misused, disclosed externally, or caused harm.

To state a claim under the Defend Trade Secrets Act, a plaintiff must show that the defendant used or disclosed a trade secret without consent and outside the scope of ordinary business activities. See 18 U.S.C. § 1839(5). However, it was routine for Defendant and other NSP employees to send similar emails including but not limited to sales updates and operational reports to Mr. Padhye as part of their regular job duties. Plaintiff offers no facts suggesting that Defendant's conduct deviated from this standard practice.

Ordinary communications to senior personnel—absent any allegation of misuse, unauthorized disclosure, or competitive harm—do not support a DTSA claim. Plaintiff's allegations remain speculative and legally insufficient.

## VI.   PLAINTIFF CANNOT SHOW DAMAGES OR ENTITLEMENT TO RELIEF

Even if Plaintiff could establish the existence of a trade secret and misappropriation, it offers no evidence that Defendant's actions caused any damages. The Sanjiv Dhawan

---

[1] Defendant does not concede the number, content, or characterization of any alleged communications and expressly reserves all rights and defenses with respect to their admissibility, materiality, and legal relevance.

Declaration is speculative and fails to show actual loss of customers, sales, or business value attributable to Defendant.

As established in Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210 (2010), trade secret claims require demonstrable harm caused by the defendant. Mere speculation is insufficient.

## VII.    PLAINTIFF'S OBJECTION TO EXHIBITS IN DOCUMENT 20 IS PROCEDURALLY AND SUBSTANTIVELY WITHOUT MERIT

Plaintiff claims that Defendant's inclusion of Exhibits A–C in Document 20 improperly converts her Rule 12(b)(6) motion into a Rule 56 motion. This argument is legally and procedurally flawed.

Defendant's motion was clearly styled as a combined motion under Rule 12(b)(1), Rule 12(b)(6), and, alternatively, Rule 56, which provided Plaintiff with adequate notice. The exhibits include: (A) Defendant's employment agreement (referenced in the Complaint); (B) a federal court order dismissing a prior DTSA claim brought by Plaintiff; and (C) a transcript from a related federal proceeding.

These are either judicially noticeable public records or documents incorporated by reference, which courts may consider under Rule 12(b)(6) without converting the motion. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, extrinsic evidence is expressly permitted under Rule 12(b)(1) when challenging jurisdiction or standing. See Safe Air for Everyone, 373 F.3d at 1039. These exhibits are also not available through Westlaw or Lexis, and Defendant had no other means of introducing the relevant facts.

Plaintiff had ample opportunity to object. Defendant filed Document 20 on March 21, 2025; Plaintiff's response was due by April 4, 2025, but was not filed until April 15, 2025, without leave of Court. Plaintiff never moved to strike, objected on evidentiary grounds, or requested discovery under Rule 56(d). Its objection is waived.

## VIII.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant her Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), or, in the alternative, grant summary judgment under Rule 56.

Dated: April 22, 2025

Respectfully submitted,

_____

Maybelline Sana

Pro Se Defendant

**DECLARATION OF MAYBELLINE SANA IN SUPPORT OF REPLY BRIEF**

I, Maybelline Sana, declare under penalty of perjury as follows:

1. I am the Defendant in this action. I am over the age of 18 and competent to testify to the matters stated herein.

2. I submit this declaration in support of my Reply in Support of Motion to Dismiss or, Alternatively, Motion for Summary Judgment.

3. Based on my personal knowledge, training, and professional experience, it was routine practice at National Specialty Pharmacy ("NSP") for employees, including myself, to send internal reports, sales updates, and communications to Mr. Sameer Padhye in his role as Chief Strategy Officer.

4. On or around April 22, 2025, I conducted a search of the U.S. Department of Labor's OWCP Provider Portal (https://owcpmed.dol.gov/portal/provider/search) for "National Specialty Pharmacy" in Nevada, which returned "No Records Found." I also reviewed the Nevada State Board of Pharmacy license status for NSP, which reflected license number PH03193 as "Closed."

5. Exhibits A–C submitted with my prior motion (ECF No. 20) are true and correct copies of either publicly available or personally in my possession, including my employment agreement and federal court records not accessible through Lexis or Westlaw.

6. I make this declaration to affirm the factual accuracy of these statements and in support of my reply brief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of April 2025, in Las Vegas, Nevada.

_[signature]_
Maybelline Sana

# APPENDIX: LEGAL AUTHORITY SUPPORTING DEFENDANT'S REPLY ARGUMENTS

## 1. Plaintiff Lacks Standing Under DTSA

- 18 U.S.C. § 1836(b)(1) – Plaintiff must be the owner of a trade secret used in interstate or foreign commerce and face a risk of imminent harm.
- Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) – Standing requires a concrete, particularized injury that is actual or imminent.
- Friends of the Earth, Inc. v. Laidlaw, 528 U.S. 167, 180–81 (2000) – An inoperative business that takes no steps to resume operations lacks standing to seek injunctive relief.

## 2. Plaintiff's Closure and Regulatory Lapse Negate Standing

- Already, LLC v. Nike, Inc., 568 U.S. 85, 91–92 (2013) – When a party voluntarily ceases relevant activity and shows no intent to resume, claims of future harm are moot.
- Laidlaw, 528 U.S. at 180 – Failure to maintain operations or licensing undercuts any claim of ongoing harm.

## 3. Exhibits in Document 20 Are Properly Considered

- Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) – Courts may consider extrinsic evidence when assessing standing under Rule 12(b)(1).
- Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) – Judicial notice is appropriate for public records or documents incorporated by reference.
- Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) – A court may consider documents essential to the complaint and whose authenticity is not disputed without converting a 12(b)(6) motion.

## 4. No Trade Secret Misappropriation from Internal Emails

- 18 U.S.C. § 1839(5) – Misappropriation requires improper acquisition, disclosure, or use of a trade secret without consent.
- Henry Schein, Inc. v. Cook, 191 F. Supp. 3d 1072, 1077 (N.D. Cal. 2016) – Internal business communications without unauthorized disclosure or competitive use do not meet DTSA misappropriation standards.

**5. Vague or Generalized Descriptions Are Legally Insufficient**

- InteliClear, LLC v. ETC Global Holdings, Inc., 978 F.3d 653, 657–58 (9th Cir. 2020) – A plaintiff must clearly define the trade secret and distinguish it from publicly available or generally known information.
- Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210, 221–23 (2010) – A viable trade secret claim requires particularized identification of secret elements and concrete harm.

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I caused a true and correct copy of the foregoing DEFENDANT MAYBELLINE SANA'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT (DRAFTED USING AI TOOLS) to be served on the following individuals via The Court's electronic filing system:

Attorneys for the Plaintiff

Jennifer W. Arledge (jarledge@hone.law)

Kelly B. Stout (kstout@hone.law)

HONE LAW

701 N. Green Valley Parkway, Suite 200

Henderson, NV 89074

---

Defendant, Pro Se

Rayne Bridges (bridgesrayne@gmail.com)

7340 Jelson Falls Street

Las Vegas, NV 89131

Dated: April 22, 2025

Maybelline Sana

Pro Se Defendant

**INDEX OF EXHIBITS**

Exhibit A – At-Will Employment Agreement between Maybelline Sana and National Specialty Pharmacy, LLC

Previously filed with Motion to Dismiss (ECF No. 20, page 14)

Exhibit B – Order from National Specialty Pharmacy, LLC v. Padhye, No. 5:23-cv-04357-PCP (N.D. Cal. May 16, 2024)

Previously filed with Motion to Dismiss (ECF No. 20, page 28)

Exhibit C – Transcript Excerpt from National Specialty Pharmacy, LLC v. One Way Drug, LLC, No. 2:21-cv-01082-JAD-VCF (D. Nev. Sept. 28, 2021)

Previously filed with Motion to Dismiss (ECF No. 20, page 36)

Exhibit D – OWCP Provider Portal Search Result

Public source: U.S. Department of Labor's OWCP Provider Search Portal

Website: owcpmed.dol.gov/portal/provider/search

Exhibit E – DOL Announcement – PBM Transition to myMatrixx

Public source: U.S. Department of Labor Pharmacy Benefit Program

Website: owcpmed.dol.gov/portal/announcement-deeoic-and-dcmwc-pharmacy-benefit-program

Exhibit F – Nevada State Board of Pharmacy License Verification

Public source: Nevada State Board of Pharmacy License Lookup

Website: online.nvbop.org/#/verifylicense

# Exhibit D



**OFFICE OF WORKERS' COMPENSATION PROGRAMS**
**MEDICAL BILL PROCESSING PORTAL**

Search



FAQs | CONTACT US

Home    Provider ▾    Claimant    Login ▾    Resources ▾    Pharmacy/LMN ▾    Contact Us

Home / Provider Home / Find a Provider

The provider search feature allows Department of Labor (DOL), Office of Workers' Compensation Program (OWCP) customers to search for actively enrolled OWCP medical providers in their locale. The provider search feature allows searches by:

- Provider Type or Provider Specialty,
- Provider First and Last Name or Business Name,
- City and State,
- ZIP code and Radius

Please note that:

- A listed provider or services rendered by the provider does not constitute an endorsement by OWCP, nor does it guarantee that the medical provider/facility will be reimbursed by OWCP for specific medical services provided to a particular claimant.
- The appearance of a specific medical provider's name in the listing does not require that provider to treat a particular claimant, even if OWCP has already advised the claimant in writing that medical treatment for a particular condition within the provider's listed specialty has been authorized.

Agree    Decline



**Office of Workers' Compensation Programs**
An agency within the U.S. Department of Labor

200 Constitution Ave NW
Washington, DC 20210

**CONTACT US**

DFEC: 1-844-493-1966
DEEOIC: 1-866-272-2682
DCMWC: 1-800-638-7072
OWCP Medical Bill Processing
www.dol.gov

**PROVIDER**

Find a Provider
Provider Home
Provider Login
Provider Enrollment
Pharmacy (DFEC)
Pharmacy (DCMWC, DEEOIC)
Forms and References

**DOL | OWCP PROGRAMS INFO**

DOL | OWCP | DCMWC | DEEOIC | DFEC | DLHWC

Acentra Health Employee Login

14



# Exhibit E

An official website of the United States government. Here's how you know

**U.S. DEPARTMENT OF LABOR**

Office of Workers' Compensation Programs

FAQ | CONTACT US

Search OWCP

FEDERAL EMPLOYEES | NUCLEAR WEAPONS WORKERS | COAL MINE WORKERS | LONGSHORE AND DBA | MEDICAL PROVIDERS | ABOUT OWCP | CONTACT OWCP

OWCP > Black Lung Program > New Pharmacy Benefit Program Vendor!

# New Pharmacy Benefit Program Vendor!

The U.S. Department of Labor (DOL) has contracted with myMatrixx®, an Express Scripts Company, to provide Pharmacy Benefit Management (PBM) services to the Office of Workers' Compensation Programs (OWCP) Division of Energy Employees Occupational Illness Compensation (DEEOIC) and Division of Coal Mine Workers' Compensation (DCMWC).

All DEEOIC and DCMWC claimants should now have new Medical Benefit Identification Cards (MBIC) and access to myMatrixx®'s nationwide network of participating pharmacies and durable medical equipment. If you are a DEEOIC or DCMWC claimant and still need a new MBIC, please contact the Acentra Health (formerly CNSI) customer service toll-free number at 1-800-638-7072 for DCMWC or at 1-866-272-2682 for DEEOIC.

Claimants can search for participating pharmacies on the web or by calling myMatrixx®:

- DCMWC - https://blacklung-pharmacy.dol.gov/ or 1-877-880-9215
- DEEOIC - https://energyworkers-pharmacy.dol.gov/ or 1-866-686-9592

As of June 5, 2023, pharmacies have been required to submit their pharmacy transactions to myMatrixx® for payment. Pharmacy providers are encouraged to join the myMatrixx® network and can enroll at www.esiprovider.com.

Federal Employees | Nuclear Weapons Workers | Coal Mine Workers | Longshore and DBA | Medical Providers

**Office of Workers' Compensation Programs**

An agency within the U.S. Department of Labor

200 Constitution Ave NW
Washington, DC 20210

1-866-4-USA-DOL
1-866-487-2365

www.dol.gov

**FEDERAL GOVERNMENT**

White House
Disaster Recovery Assistance
DisasterAssistance.gov
USA.gov
No Fear Act Data
U.S. Office of Special Counsel

**LABOR DEPARTMENT**

About DOL
Guidance Search
Español
Office of Inspector General
Subscribe to the DOL Newsletter
Read the DOL Newsletter
Emergency Accountability Status Link
A to Z Index

**ABOUT THE SITE**

Freedom of Information Act
Privacy & Security Statement
Disclaimers
Important Website Notices
Plug-Ins Used on DOL.gov
Accessibility Statement

Submit Feedback

# Exhibit F


