UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL SPECIALTY PHARMACY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MAYBELLINE SANA, an individual; RAYNE BRIDGES, an individual; and DOES 1 to 49, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00295-CDS-MDC<br><br>**REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS BY NATIONAL SPECIALTY PHARMACY LLC** |

Pursuant to 28 USC § 636, I was referred the *Motion to Dismiss* (ECF No. 13)("Motion") by plaintiff/counterdefendant National Specialty Pharmacy LLC ("Pharmacy"). For the reasons below, I **RECOMMEND** the Motion be **GRANTED.**

**DISCUSSION**

**I.      BACKGROUND**

Pharmacy is a compounding pharmacy operating in Nevada. *Complaint, ECF No. 1*. Defendants Maybelline Sana ("Sana") and Ryane Bridges ("Bridges") are former employees of Pharmacy. *Id.* Pharmacy initiated this action claiming that Sana and Bridges conspired with a third-party to establish a new, competing business with other Pharmacy employees that misappropriated Pharmacy's confidential information, trade secrets, and business opportunities. *Id.* Bridges responded to Pharmacy's complaint and asserted the following three counterclaims against Pharmacy, which Pharmacy seeks to dismiss in its Motion: (1) Retaliation under Nevada law; (2) Defamation; and (3) Discrimination based on mental health under the American Disabilities Act and Nevada Law. *ECF No. 13*.

Pharmacy principally alleges that Bridges fails to allege any facts to support her counterclaims and has merely alleged labels and conclusions.

## II. ANALYSIS

### A. Applicable Standards

Dismissal is appropriate where a pleader fails to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6)*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). A court, however, may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni,* 31 F.3d 813, 813 (9th Cir. 1994) (ci*ting Buckey v. Los Angeles*, 957 F.2d 652, 654 (9th Cir.1992)).

"All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir.1996); *see Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S. Ct. 2490, 53 L. Ed. 2d 557 (1977). Furthermore, courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist*., 37 F.3d 517, 521 (9th Cir.1994), *cert. denied*, 515 U.S. 1173, 115 S. Ct. 2640, 132 L. Ed. 2d 878 (1995) (citations omitted). However, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998).

//

B.  **Discussion**

Bridges' Counterclaim (ECF No. 13) merely consists of labels and conclusions. Bridges does not allege sufficient factual matter, or a recitation of the elements of her causes of action, to state a claim for relief that is plausible on its face. I recognize that Bridges is pro-se and her Counterclaim is "to be liberally construed… and… held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Bridges, however, has simply not alleged sufficient facts to allow me to liberally construe her allegations to reasonably conclude that she has stated a claim for relief. "Courts are not required to conjure allegations on behalf of pro se filers." *Coney v. Lozo*, 2024 U.S. Dist. LEXIS 89865, at *5 (D. Nev. May 20, 2024) (internal citations omitted).

The only factually substantive allegation that Bridges alleges in support of her First Counterclaim for Retaliation per Nevada law is that she "was terminated and subjected to adverse actions in retaliation for raising concerns about [Pharmacy's] unlawful practices." *Counterclaim at ¶1, ECF No. 13*. Bridges does not allege any facts about, or identify, the "adverse actions" or Pharmacy's purported "unlawful practices." Bridges also fails to allege facts about whether she filed a complaint with Nevada Equal rights Commission and exhausted her administrative remedies. Nevada law requires an employee to exhaust her administrative remedies by filing a complaint with the Nevada Equal Rights Commission before commencing a legal action. *See NRS 613.420* (requiring a claimant to obtain a right to sue letter from NERC*). See e.g., Pope v. Motel 6,* 121 Nev. 307, 311, 114 P.3d 277, 280 (2005)("… NRS 613.420 requires an employee alleging employment discrimination to exhaust her administrative remedies by filing a complaint with NERC before filing a district court action. We have explained that the exhaustion of administrative remedies is necessary to prevent the courts from being inundated with frivolous claims.")(internal quotations and citations omitted).

Similarly, Bridges' sole substantive factual allegation in support of her Second Counterclaim for Defamation is that "Plaintiff made false and defamatory statements about Bridges, including allegations of fraud and misconduct, which were published to third parties." *Counterclaim* at ¶4, ECF No. 13. Bridges does not identify any such statements and fails to allege any details about their contents and why they are false.  Alleging the contents of the alleged defamatory statements is crucial for her defamation claim and necessary to give Pharmacy notice about what statements she claims are defamatory.  *See Posadas v. City of Reno,* 109 Nev. 448, 453, 851 P.2d 438, 442 (1993)("A statement is defamatory when, [u]nder any reasonable definition[,] such charges would tend to lower the subject in the estimation of the community and to excite derogatory opinions against him and to hold him up to contempt." (internal quotations omitted)(quoting *Las Vegas Sun v. Franklin*, 74 Nev. 282, 287, 329 P.2d 867, 869 (1958)).  Bridges also fails to identify any of the alleged third parties to whom defamatory statements were published.

Bridges' Third Counterclaim for discrimination under the Americans with Disabilities Act and Nevada law fares no better.  The elements of a discrimination claim under the ADA and Nevada law are the same, plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual and able to perform the essential functions of her job with reasonable accommodation; and (3) she suffered an adverse employment action because of his disability.  *Littlefield v. Nevada, ex. rel. Dep't of Pub. Safety*, 195 F. Supp. 3d 1147, 1152 (D. Nev. 2016)(citations omitted)("Nevada courts apply the ADA approach to plaintiff's state law claims.").  Bridges simply restates these elements without alleging sufficient facts establishing each such element. *Counterclaim at ¶7-10, ECF No. 13*.  Bridges does not allege the nature or description of her "mental health status" or, more importantly, whether such condition is a disability under the ADA.   The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities

of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *42 U.S.C.A. § 12102(1)*.  Nor did Bridges allege what the essential functions of her employment position for which Pharmacy could have provided reasonable accommodation for Bridges to continue performing such functions. Bridges also fails to allege that she gave Pharmacy notice of her ADA recognized disability and the reasonable accommodations that she requires.  *See Ting v. Adams & Assocs., Inc.,* 823 F. App'x 519, 523 (9th Cir. 2020)("Merely alleging that [employer] was aware of and failed to accommodate [plaintiff's] 'medical condition'—without offering any underlying factual allegations describing her physical limitations and [employer's] notice thereof—is not enough" to state a claim for discrimination under ADA).

In sum, Bridges does not allege sufficient facts to support the elements of her claims and therefore fails to state a claim upon which relief can be granted.

### III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons,

**I RECOMMEND that** the *Motion to Dismiss* (ECF No. 13) by National Specialty Pharmacy LLC be **GRANTED**.

DATED: June 27, 2025.

**IT IS SO RECOMMENDED**.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.