**HONE LAW**
Jennifer W. Arledge, NV Bar No. 8729
jarledge@hone.law
Kelly B. Stout, NV Bar No. 12105
kstout@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone   702-608-3720
Fax       702-608-7814

**DHILLON LAW GROUP INC.**
Nitoj P. Singh, CA Bar No. 265005*
nsingh@dhillonlaw.com
Anthony J. Fusaro, Jr., CA Bar No. 345017*
afusaro@dhillonlaw.com
177 Post Street, Suite 700
San Francisco, CA 94108
Phone   415-433-1700
Fax       415-520-6593
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*
*National Specialty Pharmacy LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL SPECIALTY PHARMACY, LLC<br><br>  Plaintiff,<br><br>  vs.<br><br>MAYBELLINE SANA, an individual, RAYNE BRIDGES, an individual, and DOES 1 to 49, inclusive,<br><br>  *Defendants*. | Case Number: 2:25-cv-00295-CDS-MDC<br><br>**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF NATIONAL SPECIALTY PHARMACY LLC** |

Nitoj P. Singh and Anthony J. Fusaro, Jr. (jointly, "Dhillon Law Group" or "DLG") respectfully submit this Motion to Withdraw as Counsel for Plaintiff National Specialty Pharmacy LLC pursuant to Local Rule ("LR") IA-6(b) and (e) and Rule 1.16(b)(1), (5), and (6) of the Nevada Rules of Professional Conduct ("NRPC"), which are incorporated into federal practice in this district by LR IA 11-7(a). This Motion to Withdraw is based upon the Declaration of Nitoj P. Singh, the Memorandum of Points and Authorities, set forth below, all the papers and pleadings on file herein, an upon any such oral argument as the Court may require.

**DECLARATION OF NITOJ P. SINGH IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF NATIONAL
SPECIALTY PHARMACY**

I, Nitoj P. Singh, declare as follows:

1. I am an attorney with the Dhillon Law Group Inc. ("DLG"), and counsel of record for Plaintiff National Specialty Pharmacy, LLC ("Plaintiff"). I am licensed to practice law in the State of California and admitted *pro hac vice* to appear before the United States District Court for the District of Nevada in this matter.

2. I have personal knowledge of the facts set forth in this declaration, except for those stated upon information and belief, and as to those, I believe them to be true. I am competent and willing to testify as to the facts stated herein in a court of law.

3. NSP has failed substantially to fulfill an obligation to DLG regarding DLG's services.

4. NSP is in material breach of its engagement agreement with DLG, which breach has not been cured by NSP. NSP has also engaged in conduct that has rendered it unreasonably difficult for DLG to carry out its representation effectively. I am no longer able to work effectively with Mr. Dhawan for NSP's benefit.

5. Differences of opinion as to strategy have arisen between NSP and DLG, and given the other issues, there has been an irreconcilable breakdown of the attorney-client relationship.

6. Plaintiff is limited liability company that is managed and operated by Sanjiv Dhawan ("Mr. Dhawan"). Mr. Dhawan is a California-barred attorney (California Bar No. 148103), and the managing attorney of the InnovaTech Law Group law firm ("InnovaTech"). InnovaTech advertises California offices in Santa Clara and San Francisco. InnovaTech's website is available at innovatechlaw.com, and InnovaTech advertises on its website that it counts Litigation and Dispute Resolution amongst its practice areas, which specifically includes General Business Litigation. A print out of the relevant portions of the website is attached hereto as Exhibit A.

7. Mr. Dhawan advertises that he provides outside general counsel type services for many of his clients, and has been practicing for over 28 years.

8. I have advised Mr. Dhawan of all upcoming deadlines in this Action, including the July 3, 2025 expert deadline, and Mr. Dhawan has been directly connected with Plaintiff's experts.

9. Despite the basis for this Motion, DLG has continued to provide counsel to Plaintiff in relation to the July 3, 2025 expert disclosure deadline, and will continue to provide counsel to Plaintiff until the Court grants this Motion.

10. NSP's local counsel, Jenifer W. Arledge and Kelly B. Stout of Hone Law filed, motions to withdraw as counsel for NSP on August 1, 2025.

11. Prior to Hone Law's motion to withdraw, DLG was relying on their presence as local counsel to litigate this action on NSP's behalf.

12. DLG has also moved to withdraw as NSP's counsel in its related action in the Northern District of California. (*National Specialty Pharmacy, LLC v. Sameer Padhye et al.*, Case No. 5:23-cv-04357-NW.) The hearing on DLG's motion to withdraw from that litigation is scheduled to be heard on August 19, 2025.

13. I first provided notice of DLG's intent to withdraw as counsel from this Action to Mr. Dhawan on June 25, 2025, and we have not since been able to come to an understanding which would allow DLG to remain as counsel for Plaintiff in this Action. Mr. Dhawan has been advised that if Plaintiff does not retain counsel it would be at risk of default in this Action.

14. In compliance with Local Rule 11-5, I provided notice to NSP that DLG intended to withdraw as counsel on June 25, 2025, and a copy of this Motion on August 1, 2025.

15. The last known contact information for NSP is as follows:

> National Specialty Pharmacy LLC
> 9101 Alta Drive Unit 307
> Las Vegas, Nevada 89145 (702)832-3320
> sdhawan@innovatechlaw.com

16. I also provided notice to Defendant's counsel that DLG intends to withdraw as counsel for Plaintiff on August 1, 2025. Per an August 1, 2025 email, Defendant's counsel indicated he would consent to DLG's withdrawal pending a stipulation to extend discovery under the circumstances.

17. This Motion to Withdraw is made in good faith and not for any improper purpose.

18. It is necessary for DLG to withdraw at the earliest possible time to minimize the negative impacts of withdrawal on NSP and the burden of further expense on DLG.

I declare under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing is true and correct.

Executed on August 1, 2025, in San Francisco, California.

　　　　　　　　　　　　　　　　　　　　 /s/ Nitoj P. Singh　　　　　　　
　　　　　　　　　　　　　　　　　　　Nitoj P. Singh

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Dhillon Law Group Inc., and all of its attorneys of record in this matter, including Nitoj P. Singh and Anthony J. Fusaro (collectively "DLG"), submit the following Memorandum of Points and Authorities in support of their Motion to Withdraw as Counsel for Plaintiff National Specialty Pharmacy, LLC ("Plaintiff"). This Motion is brought on the grounds that: (1) Plaintiff has materially breached the engagement agreement by failing to meet its financial obligations to DLG; (2) Plaintiff's conduct has rendered the representation unreasonably difficult; and (3) an irreconcilable breakdown in the attorney-client relationship has occurred.

As set forth below, both the Nevada Rules of Professional Conduct and this Court's Local Rules support withdrawal under these circumstances. Accordingly, this Motion should be granted.

DLG anticipates that Plaintiff will be able to promptly retain new counsel. Plaintiff's managing member, Sanjiv Dhawan ("Mr. Dhawan") (California SBN #148103), is a licensed attorney and the Managing Partner of InnovaTech Law Group, PC ("InnovaTech"), a law firm that advertises litigation and general business dispute resolution services on its website (www.innovatechlaw.com). (Singh Decl. ¶¶ 6-7.)

//
//
//

## II. GROUNDS FOR WITHDRAWAL OF REPRESENTATION

### A. Legal Standard

District of Nevada Local Rule IA 11-6 governs attorney withdrawals in civil matters. Under the Rule, "[i]f an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." DLG brings this Motion in accordance with Local Rule IA 11-6.

In addition, Nevada Rule of Professional Conduct 1.16 permits withdrawal under several circumstances, including:

- **Rule 1.16(b)(4)** – When "a client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement";
- **Rule 1.16(b)(5)** – When "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled";
- **Rule 1.16(b)(6)** – When "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client"; and
- **Rule 1.16(b)(7)** – When "[o]ther good cause for withdrawal exists."

Withdrawal is permitted even when the client is a corporate entity. *See 24-7 Group of Companies, Inc. v. Roberts*, No. 3:13-cv-00211-MMD-WGC, 2014 WL 12708726 (D. Nev. Sept. 10, 2014) (granting withdrawal motion despite corporation not yet securing replacement counsel).

DLG is mindful that attorneys may only "reveal information related to the representation of a client to defend against a corporation 'to the extent the lawyer reasonably believes necessary.'" *In re Discipline of Draskovich*, 499 P.3d 1177 (Nev. 2021) (quoting NV ST RPC Rule 1.6(b)(5)).

### B. The Court Should Grant DLG's Motion.

DLG notified Plaintiff of its intent to withdraw on June 25, 2025, and subsequently served a copy of this Motion on July 15, 2025. (Singh Decl. ¶¶ 13-14.) Mr. Dhawan, Plaintiff's managing member, is a licensed attorney with litigation experience and has been advised of all key

deadlines, including the July 3, 2025 expert disclosure deadline. (*Id.* ¶ 8.) He has also been directly connected with Plaintiff's expert witnesses. (*Id.*)

Plaintiff has failed to meet its financial obligations to DLG and remains in material breach of its engagement agreement. (Singh Decl. ¶¶ 3-4.) In addition, Plaintiff's conduct—including breakdowns in communication and strategic disputes—has made the representation unreasonably difficult and culminated in an irreconcilable breakdown of the attorney-client relationship. (*Id.* ¶¶ 4-5.) Continued representation under these circumstances is untenable and would cause undue burden on DLG. (*Id.* ¶ 18.)

### C. DLG has Complied with Its Obligations Under Local Rule 11-5

DLG has complied with the notice requirements of Local Rule IA 11-6 by providing written notice to Plaintiff on June 25, 2025, and a copy of this Motion on July 15, 2025. (Singh Decl. ¶ 14.) DLG also informed Defendant's counsel on July 15, 2025, and received confirmation that Defendant's counsel would abstain from taking a position. (*Id.* ¶ 16.)

### D. DLG has Taken Reasonable Steps to Avoid Prejudice to Plaintiff

DLG has continued to represent Plaintiff in the interim, including preparation of the expert disclosure served on July 3, 2025, and will continue providing representation until this Motion is granted. (Singh Decl. ¶ 9.) DLG has also advised Plaintiff of the risk of default if it fails to retain counsel going forward. (*Id.* ¶ 13.)

Additionally, Plaintiff's Nevada local counsel, Jennifer W. Arledge and Kelly B. Stout of Hone Law, have also moved to withdraw based on similar grounds. Their motion was filed on August 1, 2025. (Singh Decl. ¶ 10.) DLG had previously relied on Hone Law's presence as local counsel to facilitate litigation. (*Id.* ¶ 11.) DLG has also moved to withdraw in Plaintiff's related California action, with a hearing scheduled for August 19, 2025. (*Id.* ¶12.)

### E. To Prevent Any Injustice, DLG Requests that the Court Continue Dates

DLG requests a short continuance of the expert disclosure deadlines—initially set for July 3, 2025, and August 3, 2025 for rebuttals—to allow Plaintiff time to substitute new counsel. Good cause exists to grant a continuance. Plaintiff is a limited liability company and cannot appear pro se. Denying the request would risk procedural default or prejudice to Plaintiff's claims. Defendant

will not be prejudiced by a brief delay. The interests of justice favor a continuance to allow for an orderly transition.

### III.  CONCLUSION

For the reasons stated above, good cause exists for withdrawal, and DLG respectfully requests that the Court grant this Motion and allow Nitoj P. Singh and Anthony J. Fusaro, Jr., to withdraw as counsel for Plaintiff National Specialty Pharmacy, LLC. Should the Court require further information, DLG is prepared to provide it for in camera review. Nothing in this Motion or any supporting papers is intended to waive the attorney-client privilege.

Dated: August 1, 2025                               **DHILLON LAW GROUP INC.**

By: */s/ Nitoj P. Singh*
　　Nitoj P. Singh*
　　Anthony J. Fusaro, Jr.*
　　Dhillon Law Group Inc.
　　177 Post Street, Suite 700
　　San Francisco, CA 94108
　　Tel. 415.433.1700
　　nsingh@dhillonlaw.com
　　afusaro@dhillonlaw.com
　　**Admitted* pro hac vice*

*Attorneys for Plaintiff*
*National Specialty Pharmacy, LLC*

## CERTIFICATE OF SERVICE

I certify that I am an attorney with Dhillon Law Group Inc., and that on Friday, August 1, 2025, I caused a true and correct copy of the foregoing **MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF NATIONAL SPECIALTY PHARMACY LLC** to be served on the following individuals in the manner designated:

| | |
|---|---|
| William H. Heaton<br>will@heatonlegalgroup.com<br>Jonathan W. Heaton<br>jon@heatonlegalgroup.com<br>HEATON LEGAL GROUP, LLC<br>7285 Dean Martin Drive, Suite 180<br>Las Vegas, NV 89118<br><br>*Attorneys for Defendant*<br>*RAYNE BRIDGES* | Method of Service:<br>☐ U.S. Mail, first class postage pre-paid<br>☐ E- Mail: will@heatonlegalgroup.com<br>   jon@heatonlegalgroup.com<br>   (by consent under Rule 5(b)(2)(E))<br>☒ The Court's electronic filing system<br>☐ Other: |
| National Specialty Pharmacy LLC<br>c/o Sanjiv S. Dhawan<br>9101 Alta Drive Unit 307<br>Las Vegas, Nevada 89145<br>sdhawan@innovatechlaw.com<br><br>*Plaintiff* | Method of Service:<br>☐ U.S. Mail, first class postage pre-paid<br>☐ E- Mail:<br>   (by consent under Rule 5(b)(2)(E))<br>☐ The Court's electronic filing system<br>☒ Other:<br>By Email: sdhawan@innovatechlaw.com |
| Jennifer W. Arledge<br>jarledge@hone.law<br>Kelly B. Stout<br>kstout@hone.law<br>HONE LAW<br>701 N. Green Valley Parkway, Suite 200<br>Henderson, NV 89074<br><br>*Local Counsel for Plaintiff National Specialty Pharmacy* | Method of Service:<br>☐ U.S. Mail, first class postage pre-paid<br>☐ E- Mail:<br>   (by consent under Rule 5(b)(2)(E))<br>☒ The Court's electronic filing system<br>☐ Other: |

/s/ *Anthony J. Fusaro, Jr.*
Anthony J. Fusaro, Jr.