UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL SPECIALTY PHARMACY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MAYBELLINE SANA, an individual; RAYNE BRIDGES, an individual; and DOES 1 to 49, inclusive,<br><br>Defendants.<br><br>AND RELATED CLAIMS | Case No. 2:25-cv-00295-CDS-MDC<br><br>**REPORT AND RECOMMENDATION TO GRANT IN PART and DENY IN PART MOTION TO DISMISS BY DEFENDANT RAYNE BRIDGES** |

Pursuant to 28 USC § 636, I was referred the *Motion to Dismiss* (ECF No. 13)("Motion") by defendant/counterclaimant Rayne Bridges ("Bridges")[1]. For the reasons below, I **RECOMMEND** the Motion be: (a) **GRANTED in part** and that plaintiff's Second and Third claims be dismissed without prejudice and with leave to amend its complaint; and (b) **DENIED in part** as to plaintiff's First, Eighth and Ninth claims.

**DISCUSSION**

**I.      BACKGROUND**

National Specialty Pharmacy LLC ("Pharmacy") is a compounding pharmacy operating in Nevada. *Complaint, ECF No. 1*. Defendants Maybelline Sana ("Sana") and Ryane Bridges ("Bridges") are former employees of Pharmacy. *Id.* Pharmacy initiated this action claiming that Sana and Bridges

---

[1] Bridges filed both a *Motion to Dismiss* plaintiff's complaint and a *Counterclaim* against plaintiff in the same document, ECF No. 13, in violation of Local Rule IC 2-2(b). That rule requires separate filings. It provides, in relevant part, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." *Id.* Thus, Bridges should have filed her *Motion to Dismiss* as a separate document and separate filing from her *Counterclaim*. Pro se litigants are expected to review and required to follow the rules of court, including the Federal Rules of Civil Procedure and the Local Rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

1

conspired with a third-party to establish a new, competing business with other Pharmacy employees that misappropriated Pharmacy's confidential information, trade secrets, and business opportunities. *Id.* Pharmacy asserted nine causes of action against Bridges. By her Motion, Bridges argues that Pharmacy failed to state its First, Second, Third, Eighth, and Ninth claims against her for: (a) fraudulent concealment and misrepresentation; (b) breach of contract and implied covenant of good faith and fair dealing; and (c) misappropriation of trade secrets under Nevada and Federal law. *See ECF No. 13*.

Pharmacy's First, Second, and Third common law claims for fraudulent concealment, misrepresentation and breach of contract are governed by Nevada law. *See Adegboruwa v. Agwara*, No. 2:25-CV-00792-CDS-EJY, 2025 WL 2172254, at *2 (D. Nev. July 30, 2025)(*citing Sivil v. Country Mutual Insurance Company*, 619 F.Supp.3d 1072 (D. Nev . 2022) (recognizing breach of contract as a state law claim); *Brown v. Bettinger*, Case No. 2:15-cv-00331-APG-PAL, 2015 WL 4162505, at *6 (D. Nev. July 8, 2015) (recognizing fraud as a state law claim)).

II.   ANALYSIS

A.   General Standards

Dismissal is appropriate where a pleader fails to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6)*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). A court, however, may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him

to relief." *Barnett v. Centoni,* 31 F.3d 813, 813 (9th Cir. 1994) (ci*ting Buckey v. Los Angeles*, 957 F.2d 652, 654 (9th Cir.1992)).

"All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir.1996); *see Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S. Ct. 2490, 53 L. Ed. 2d 557 (1977). Furthermore, courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir.1994), *cert. denied*, 515 U.S. 1173, 115 S. Ct. 2640, 132 L. Ed. 2d 878 (1995) (citations omitted). However, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998).

    **B.**    **Discussion**

        **i.**    **Pharmacy Sufficiently States Its First Claim For Fraudulent Concealment**

In its First claim against Bridges, Pharmacy alleges that Bridges fraudulently concealed that she was performing work for direct competitor and that she intended to provide that competitor with Pharmacy's proprietary information and trade secrets. *Complaint at ¶76, ECF No. 1.*

A common law claim for concealment exists under Nevada law when the defendant "(1)concealed or suppressed a material fact that the (2) defendant had a duty to disclose." *Hable v. Godenzi,* No. 24-646, 2024 WL 5252227, at *2 (9th Cir. Dec. 31, 2024)(*citing Leigh-Pink v. Rio Properties*, LLC, 138 Nev. 530, 533, 512 P.3d 322, 325 (Nev. 2022)). To state a claim for concealment, a plaintiff must also establish that (3) defendant intentionally concealed or suppressed such fact with "the intent to defraud the plaintiff" or "for the purpose of inducing the plaintiff to act differently than she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages." *Leigh-Pink*, 138 Nev. at

533, 512 P.3d at 325–26.  "[C]laims of fraudulent activity must be pled in accordance with Rule 9(b)'s heightened pleading standard. *Wisdom v. United States*, No. 3:06-CV-00094-PMP, 2010 WL 3981712, at *7 (D. Nev. Oct. 8, 2010)(*citing Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir.2007). "Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

Pharmacy alleges with sufficient particularity all of the necessary elements to state claims for fraudulent concealment.  First, Pharmacy alleges that Bridges concealed material facts from Pharmacy that she was performing work for a competitor, and she intended to take Pharmacy's proprietary information and trade secrets to that competitor. *See Complaint at ¶¶19, 36, 40, 44, 75, 76, 90, 91.* Second, Pharmacy alleges that Bridges had a duty to disclose per her employment agreement and as a fiduciary of Pharmacy. *See Complaint at ¶¶76, 90, 91, 112.*  Plaintiff alleges the specific provisions of Bridges' employment agreement giving rise to her duty to disclose the material facts at issue. *Id. at ¶¶91*. Third, plaintiff alleges that Bridges intentionally concealed the material facts to induce Pharmacy from acting differently, *e.g.*, "to induce [Pharmacy] to refrain from terminating Defendants Sana and Bridges before they had acquired the requisite proprietary information and trade secrets from NSP to launch their competing venture, Taycann Wellness." *Id. at ¶77.*

Fourth, Pharmacy alleges that it "was unaware that they were performing work on behalf of a business in direct competition… and that they intended to take [Pharmacy's] proprietary information and trade secrets and provide them to this direct competitor" and that it would have acted differently had it known such facts. *Id. at ¶¶78, 79.*  Fifth and finally, Pharmacy alleges that it was damaged as a result of Bridges' concealment. *Id. at ¶80.*

//

//

### ii. Pharmacy Does Not Sufficiently State Its Second Claim For Aiding and Abetting Fraud

Pharmacy's Second claim against Bridges is that she aided and abetted Sameer Padhye's ("Padhye") fraudulent conduct, including misrepresentations, fraudulent concealment, and promissory fraud. *Complaint at ¶¶84, 85.* Plaintiff does not sufficiently state an aiding and abetting fraud claim.

First, Pharmacy fails to sufficiently allege with particularity any misrepresentations or promissory fraud by Bridges that aided and abetted Padhye's own fraud. Nevada claims for misrepresentation and promissory fraud are identical:

> (1) the defendant made a false representation, (2) the defendant knew or believed that the representation was false, (3) the defendant intended to induce the plaintiff to act or to refrain from acting in reliance on the misrepresentation, (4) the plaintiff justifiably relied on the misrepresentation, and (5) the plaintiff suffered damages from the reliance

*Risinger v. SOC LLC*, 936 F. Supp. 2d 1235, 1243 (D. Nev. 2013)(promissory fraud) and *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 447, 956 P.2d 1382, 1386 (1998)(misrepresentation), both citing *Bulbman Inc. v. Nevada Bell*, 108 Nev. 105, 110–11, 825 P.2d 588, 592 (1992). The difference between the claims is that promissory fraud concerns a "false statement of intent regarding future conduct," and misrepresentation concerns "a false statement of existing or past fact. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 570 (7th Cir. 2012); *Intercorp, Inc. v. Pennzoil Co.*, 877 F.2d 1524, 1534 (11th Cir. 1989).

The only false representation that Pharmacy alleges with specificity is that Bridges represented that Pharmacy was not participating in White Card program, which was false. *See Complaint at ¶67* (repeated at ¶123 and ¶129). Pharmacy, however, does not specifically identify to whom Bridges made such statement, and when and where she made such statement. *See Vess*, 317 F.3d at 1106. Pharmacy only vaguely identifies the recipients as "partners and potential clients" and "one client in Tennessee." *Id. ¶¶67, 68.* Pharmacy's principal misrepresentation allegation against Bridges is also made "on

5

information and belief" (*id. at ¶67*) but Pharmacy fails to allege the information upon which its belief is based. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("a plaintiff who makes allegations on information and belief" in support of a fraud claim "must state the factual basis for the belief"). Pharmacy also fails to allege any false statement by Bridges regarding future conduct to sufficiently allege promissory fraud. *See Wigod*, 673 F.3d at 570; *Intercorp, Inc.*, 877 F.2d at 1534.

Second, Pharmacy fails to allege the "what, when, where, and how" of Bridges' actions that "knowingly and substantially" aided and abetted Padhye's fraudulent conduct. *See Vess*, 317 F.3d at 1106; *Wisdom v. United States*, No. 3:06-CV-00094-PMP, 2010 WL 3981712, at *7 (D. Nev. Oct. 8, 2010). In dismissing a similarly deficient fraud claim in *Wisdom*, this Court previously noted:

> A claim for aiding and abetting fraud must allege that the defendant knowingly and substantially assisted in the course of conduct…. Allegations that identify the specific time, place, and content of fraudulent actions by the defendant coupled with allegations of the plaintiff's reliance and damages are sufficient to withstand a motion to dismiss.
>
> In count four of his Complaint, Plaintiff asserts that Defendant Dickerson aided, abetted, assisted, and ratified a series of fraudulent acts committed by other Defendants to this action. However, Plaintiff's Complaint fails to give Defendant Dickerson notice specific enough so that he can defend against the fraud charge. While the Complaint alleges instances of improper ex parte contact by Defendants other than Dickerson, it fails to allege the "what, when, where, and how" of Dickerson's actions which aided, abetted, and/or ratified this course of conduct. Plaintiff's Complaint does not indicate how Dickerson "knowingly and substantially assisted" in the perpetration of fraud.

*Id.,* 2010 WL 3981712, at *7 (internal citations and quotations omitted).

While Pharmacy alleges various allegations sounding in fraud against Padhye, Pharmacy fails to allege knowing and substantial conduct by Bridges to aid Padhye. *See Complaint at ¶¶22-24* (alleging misrepresentations by Padhye but no conduct or aid by Bridges); *¶31* (alleges that Bridges became "complicit in adding and abetting Padhye's fraud," but does not say how); *¶32* (Bridges conspired with Padhye to form Taycann Wellness, but again does not say how); *¶¶34, 35, 38, 39, 42, 43* (no conduct by

Bridges alleged); ¶43 (alleges comments made by Bridges but now how they aided or abetted Padhye); and *¶46* (alleges Bridges made unapproved payroll adjustments and "suspicions reimbursement requests" between 2023 and August 2023, but does not say to whom adjustments made, how much were the adjustments, or any details about the reimbursement requests and why they were suspicious). Pharmacy's Opposition (ECF No. 19) apparent recasting of its aiding and abetting claim as a conspiracy claim does not save its adding and abetting claim.   Foremost, Pharmacy did not sufficiently allege any misrepresentations or promissory fraud by Bridges as part of any alleged conspiracy.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir.2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent."); *see also Vess*, 317 F.3d at 1106; *Bulbman Inc.*, 108 Nev. at 110–11, 825 P.2d at 592.  Moreover, Pharmacy's complaint does not assert a separate conspiracy claim against Bridges[2] nor does its second claim for relief (*Complaint at ¶¶83-88)* allege the necessary elements of a conspiracy claim.[3]

### ii. Pharmacy Improperly Combines Claims For Breach Of Contract and Breach of the Implied Covenant Of Good Faith As Its Third Claim

In is Third claim, Pharmacy combines breach of contract and breach of implied covenant of good faith and fair dealing claims as one claim.  These claims, however, are separate claims which cannot be combined as one claim.  A claim for breach of the implied covenant of good faith and fair dealing "is different from one for breach of contract because it requires literal compliance with the contract's terms" and "cannot be based on the same conduct establishing a separately pled breach of contract claim." *Butler v. Progressive* Direct Ins. Co., 772 F. Supp. 3d 1185, 1195 (D. Nev. 2025)(*quoting Jimenez v.*

---

[2] "[C]onspiracy and aiding and abetting are two separate causes of action…" *Tagtrends, Inc. v. Nordstrom, Inc.*, No. SACV 13-00563 JVS (JPRx), 2013 WL 12126741, at *6 (C.D. Cal. Aug. 15, 2013).

[3] The elements of a conspiracy cause of action: "(1) a conspiracy agreement; (2) an overt act of fraud in furtherance of the conspiracy; and (3) resulting damages to the plaintiff." *Goodwin v. Exec. Tr. Servs., LLC*, 680 F. Supp. 2d 1244, 1254 (D. Nev. 2010)

*GEICO Gen. Ins. Co.*, 448 F. Supp. 3d 1108, 1113 (D. Nev. 2020). Thus, combining the claims "muddle the distinction between a claim based on an express provision and one based on the implied duty of good faith and fair dealing." *Cutler v. U.S. Bank Nat'l Ass'n,* No. 3:18-CV-01045-YY, 2019 WL 157919, at *3 (D. Or. Jan. 9, 2019).

### iii. Pharmacy Sufficiently States its Eighth and Ninth Claims For Misappropriation Of Trade Secrets Under Nevada and Federal Law

Pharmacy's Eighth claim is for misappropriation of trade secret under federal Defend Trade Secrets Act at 18 USC §1836 ("DTSA"). Plaintiff's Ninth claim is for misappropriation under the Nevada Uniform Trade Secrets Act at NRS 600A.010 *et seq*. ("NUTSA"), which is based on a model statute which many states have adopted to draft their own trade secrets statutes. *Attia v. Google LLC*, 983 F.3d 420, 424 (9th Cir. 2020). Thus, both statutes share substantively similar elements.

"[T]o succeed on its claims for misappropriation of trade secrets under the federal Defense of Trade Secrets Act (DTSA) and the Nevada Uniform Trade Secrets Act (NUTSA), [plaintiff] must show Defendants used or disclosed its trade secrets in contravention of a duty not to disclose." *Indep. Techs., LLC v. Otodata Wireless Network, Inc*., 836 F. App'x 531, 533 (9th Cir. 2020)(internal quotations omitted)(*quoting Kaldi v. Farmers Ins. Exch*., 117 Nev. 273, 21 P.3d 16, 23 (2001). "District courts apply federal pleading standards to state law claims in federal court"[4] and "[c]laims under the DTSA are not subject to a heightened pleading standard."[5]

Pharmacy sufficiently states trade misappropriation claims under the DTSA and NUTSA. Pharmacy sufficiently identifies the trade secrets at issue and why they constitute trade secrets under the DTSA and NUTSA. *Complaint at ¶¶ 15-19, 36-37, 136, 147*. Pharmacy sufficiently alleges Bridges

---

[4] *Felix v. United States Dep't of State*, No. 2:24-CV-812 JCM (DJA), 2025 WL 588315, at *3 (D. Nev. Feb. 24, 2025)(citing *Faulkner v. ADT Sec. Servs., Inc*., 706 F.3d 1017, 1021 (9th Cir. 2013).
[5] *AbbVie Inc. v. Adcentrx Therapeutics Inc*., No. 23-CV-2290 TWR (DEB), 2025 WL 418519, at *12 (S.D. Cal. Feb. 6, 2025)(citations omitted).

used and disclosed such trade secrets. *Id. at* ¶¶ 36, 40, 43, 138, 149. Pharmacy sufficiently alleges that Bridges had a duty not to disclose such trade secrets. *Id. at* ¶¶*17-19, 90, 91, 112, 139, 150.* Finally, Pharmacy alleges that it was damaged by Bridges' misappropriation. *Id. at* ¶¶*143, 154.* Accordingly, Pharmacy Eighth and Ninth claims for misappropriation under DTSA and NUTSA are sufficiently stated.

### III.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons,

I **RECOMMEND** the Motion be: (a) **GRANTED in part** and that plaintiff's Second and Third claims be dismissed without prejudice and with leave to amend its complaint; and (b) **DENIED in part** as to plaintiff's First, Eighth, and Ninth claims.

DATED: August 25, 2025.

**IT IS SO RECOMMENDED**.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.